

# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-17-00341-CR

Daniel Jeremy **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR4390A
The Honorable Laura Lee Parker, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 1, 2018

AFFIRMED

Appellant Daniel Jeremy Torres was found guilty by a Bexar County jury of the murder of

Jesse Richards.  The jury assessed punishment at sixty-five years' confinement in the Institutional

Division of the Texas Department of Criminal Justice and a $10,000.00 fine.  Torres raises several

issues on appeal concerning three main areas: (1) because the State's key witnesses, David Zuniga

and Juan Torres, were both accomplices, the trial court erred in failing to provide an instruction on

the accomplice-witness rule requiring the State to provide non-accomplice testimony connecting

Torres[1] to the offense; (2) the trial court's jury charge erroneously included an unindicted felony-murder charge; and (3) the cumulative impact of the errors was so great that reversal is required. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2015, Torres, Juan, and David, all brothers, were living at 514 Porter, San Antonio, Texas. By all accounts, Juan was subleasing and was responsible for the rent. At some point during the evening, David and Torres decided they needed to make some "fast money" to help Juan with the rent. When Juan and Torres refused to allow David to sell his laptop, David decided to rob someone. Torres insisted that he would not allow David to "go by himself." David testified the conversation was between himself and Torres; Juan was not present or a part of the conversation.

Around 9:30 p.m., Torres and David left through the back of the house with Juan's .32 caliber firearm. Juan testified he saw his brothers leave out the back of the house. Juan went to the front of the house, through the screen door, to smoke a cigarette. He was talking on his cellphone and looking at Facebook when he saw his brothers across the parking lot. Juan testified he saw David standing at the bus stop when Torres came from behind and shot the person standing next to David. Both brothers ran. Although officers were called to the scene and evidence was collected, the case remained unsolved until Juan called the officers approximately two months later to report what happened.

On May 17, 2016, a Bexar County jury returned an indictment against Torres for the murder of Jesse Richards. David was convicted of Richards's murder in January of 2017. Torres's case was called for trial on May 8, 2017. After two days of testimony, the jury returned a guilty

---

[1] For purposes of the opinion, we will refer to Appellant Daniel Jeremy Torres as "Torres," Juan Torres as "Juan," and David Zuniga as "David."

verdict and subsequently assessed punishment at sixty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine.

We turn first to Torres's issues related to the accomplice-witness testimony.

## ACCOMPLICE-WITNESS TESTIMONY

Because Torres's complaints about the lack of instruction and the insufficiency issue both revolve on whether David and Juan were accomplices, we begin with a determination of whether either witness is an accomplice as a matter of law or fact.

## A. Accomplice-Witness

"A witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or 'when the evidence clearly shows that the witness could have been so charged.'" *Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013) (quoting *Cocke v. State*, 201 S.W.3d 744, 747–48 (Tex. Crim. App. 2006)); *accord Ash v. State*, 533 S.W.3d 878, 884 (Tex. Crim. App. 2017); *see also Druery v. State*, 225 S.W.3d 491, 499 (Tex. Crim. App. 2007) (noting evidence leaves "no doubt that the witness is an accomplice"). In *Cocke v. State*, the Court of Criminal Appeals described an accomplice as one who "participates with a defendant before, during, or after the commission of the crime," "acts with the requisite culpable mental state," and performs an "affirmative act that promotes the commission of the offense with which the defendant is charged." 201 S.W.3d at 748.

When a trial court determines a witness is an accomplice as a matter of law, it must instruct the jury (1) the witness is an accomplice and (2) the witness's testimony must be corroborated. *Id.* (citing *Druery*, 225 S.W.3d at 498–99). If the evidence is in conflict, the trial court must call upon the jury to decide whether the witness is an accomplice as a matter of fact. *Id.* Only if the jury makes an affirmative finding that the witness is an accomplice, does it apply the corroboration requirement portion of the instruction. *Id.*

**B.       Application to David and Juan**

*1.       David*

David Zuniga, eighteen-years-old at the time of trial and the younger brother of both Torres and Juan, testified at Torres's trial.  David was found guilty of Richards's murder in January of 2017, but he had not yet been sentenced at the time of Torres's trial.  David averred his testimony was being given voluntarily and the State had not made any promises or provided any benefit or plea bargain in exchange for his testimony.

David testified that he was at the house with Juan and Torres on December 20, 2015.  He and Torres decided they needed to "get money real quick," and David brought up the idea of a robbery because neither Juan nor Torres would agree to let him sell his laptop.  Torres told David he would not allow David to go by himself.  They left "out the back of the house;" David gave Torres the gun as they crossed the street outside the house.  David waited for someone to walk up to the bus stop and David started talking to him.  David explained, "I was supposed to talk to the dude and [Torres] was just going to scare him."  David started talking to the man, when he saw "an individual come around the corner messed up and stand right behind me and shoot."  David testified that at first he did not know who the shooter was, but then realized it was Torres.  At one point, David thought Torres was going to kill him.

David's testimony supports that he participated before, during, and after the offense—he planned an armed robbery, he provided the weapon, he hid the weapon immediately after the shooting, and helped keep the weapon hidden after the fact.  *See Cocke*, 201 S.W.3d at 747–48.  Additionally, based on Torres's severance motion, dated September 22, 2016, David was charged with Jesse Rodriguez's murder as a co-defendant.  We thus conclude David was an accomplice as a matter of law.  *Ash*, 533 S.W.3d at 884; *Zamora*, 411 S.W.3d at 510; *Druery*, 225 S.W.3d at 499; *Cocke*, 201 S.W.3d at 747–48.

## 2. *Juan*

Juan Torres, twenty-years-old at the time of trial, was the middle brother between David and Torres. He was at the house on Porter with his brothers on the night of December 20, 2015. Juan testified that he was getting ready for bed when his brothers left through the back of the house. They had been playing around with Juan's gun; and, after they left, Juan could not find the gun. Juan testified that, shortly after his brothers left, he stepped outside the front screen door to smoke a cigarette. Juan was talking on his cellphone when he saw David and Torres at the restaurant across the street and "then they went to the bus stop."

Juan testified that he watched David walk around the corner to the bus stop. Juan could see David just standing at the bus stop. The prosecutor asked Juan at what point he saw Torres again.

> [Torres] ran into the bus stop toward where David was. . . . When [Torres] came up, I just saw him go in his pocket, pull something out and just shoot.

Juan described being in shock. He saw his brothers run back to the house. Juan asked Torres why he did that, and Torres told Juan "You didn't see nothing. There wasn't nothing there. Just leave it alone, don't say nothing." Juan testified that he took Torres's statement as a threat because after watching Torres shoot the man at the bus stop, he did not know what else Torres was capable of doing.

The only testimony connecting Juan to the offense was David's statement that he and Torres decided to commit the robbery because Juan needed money for rent and Juan's testimony that he was the owner of the firearm that killed Richards. Unlike David, we cannot conclude that Juan participated before, during, or after the offense. *Cf. Cocke*, 201 S.W.3d at 748. There is also no evidence Juan acted with the "requisite culpable mental state" or made an overt act to promote or assist his brothers in the commission of the offense. *Id*. The weapon was at the residence well

before David and Torres decided to commit the robbery and there is nothing to suggest that Juan affirmatively provided the firearm for the purpose of committing the robbery. *Id*. The record also does not support that Juan was or could be charged with Richards's murder or a lesser-included offense. *See Zamora*, 411 S.W.3d at 510; *cf.* TEX. PENAL CODE ANN. §§7.02(a)(2); 7.02(b); 15.02(a). We thus conclude Juan was neither an accomplice as a matter of law or an accomplice as a matter of fact. *See id*.

Having determined that David was the only accomplice-witness, we turn to Torres's complaint the trial court failed to sua sponte include an instruction on the accomplice-witness rule in the court's jury charge.

### C.      Jury Charge Error

#### 1.      *Standard of Review*

In resolving a challenge to the jury charge, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we analyze that error for harm under the applicable standard set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If, as here, the defendant did not object to the alleged error at trial, we will reverse only if the error is "so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id*. (quoting *Almanza*, 686 S.W.2d at 171).

#### 2.      *Texas Code of Criminal Procedure article 38.14*

Texas Code of Criminal Procedure article 38.14 provides "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). In other words, the State may not rely solely upon the testimony of one accomplice witness to corroborate

that of another accomplice witness. *Zamora*, 411 S.W. at 513. We note that the accomplice-witness rule is the law applicable to the case, and not a defensive issue. *Id.* (noting that defensive issues may be forfeited if not preserved at trial); *see also Oursbourn v. State*, 259 S.W.3d 159, 180 (Tex. Crim. App. 2008) (explaining the statutes' "implicit 'If-then' proposition: If the evidence raises an issue of [the witness's status as an accomplice], then the trial court shall instruct the jury [regarding the corroboration requirement]").

Because David was an accomplice as a matter of law, Torres was entitled to an instruction in accordance with the accomplice-witness statute. *See Oursbourn*, 259 S.W.3d at 180.

### 3. Harm Analysis

Under *Almanza*, because Torres did not object to the error in the jury charge, he must prove egregious harm. *Almanza*, 686 S.W.2d at 171. We assess whether Torres suffered egregious harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id*. "Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011) (internal quotations omitted). "Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Id*. at 490.

In assessing "egregious harm under *Almanza* in the context of the failure to submit an accomplice-witness instruction . . ., 'appellate review must inquire whether the jurors would have found the corroborating evidence so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" *Casanova v. State*, 383 S.W.3d 530, 533 (Tex. Crim. App. 2012) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

"That non-accomplice evidence may be, at a bare minimum, sufficient to support a finding that the accomplice witness's testimony was corroborated, when viewed in the light most favorable to the jury's verdict, does not dispose of the question of egregious harm." *Id*. at 534. Instead, we review the whole record "to assess whether the jury, had it been properly instructed on the law requiring corroboration of accomplice-witness testimony, 'would have found the corroborating evidence so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" *Id*. (quoting *Saunders*, 817 S.W.2d at 692).

An appellate court looks to the strength of the corroborating evidence, considering both (1) its reliability or believability and (2) how convincingly it connects the accused to the crime. *Id*. at 539. The stronger the corroborating evidence, the less likely egregious harm resulted from the trial court's failure to include the accomplice-witness instruction. *Id*.

The jury heard from an eyewitness to the offense—Juan Torres. He watched both brothers leave the house. He saw David standing at the bus stop, and he saw Torres come up from behind and shoot the individual next to David. This evidence tends to connect Torres with the commission of the offense. Juan's testimony is corroborated by the video recordings taken from the street cameras and from the buses. Given the strength of Juan's evidence, we conclude Torres failed to show that he suffered egregious harm. *See Casanova*, 383 S.W.3d at 539–40; *Almanza*, 686 S.W.2d at 171.

We therefore overrule Torres's issue as to the trial court's failure to provide an accomplice-witness instruction. Torres also complains the accomplice-witness rule precludes the State from proving their case beyond a reasonable doubt.

**D.      Sufficiency of the Evidence**

   *1.      Standard of Review*

In reviewing the sufficiency of the evidence, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *accord Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). "This standard recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence. . . ." *Adames*, 353 S.W.3d at 860; *accord Gear*, 340 S.W.3d at 746. The reviewing court must also give deference to the jury's ability "to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id*. (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We defer to the jury's responsibility to fairly resolve any conflicts in the evidence, weigh the evidence, and draw reasonable inferences. *See Hooper*, 214 S.W.3d at 13. The jury alone decides whether to believe eyewitness testimony, and it resolves any conflicts in the evidence. *See Hooper*, 214 S.W.3d at 13; *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). In conducting a sufficiency review, "[w]e do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure that the jury reached a rational decision." *Young*, 358 S.W.3d at 801.

*2.    Arguments of the Parties*

Torres contends that because Juan and David are both accomplices as a matter of law, and the State failed to corroborate their testimony with non-accomplice evidence "that tends to 'connect [Torres] to the offense,'" *State v. Ambrose*, 487 S.W.3d 587, 593 (Tex. Crim. App. 2016), the State failed to present sufficient evidence to support the essential elements of murder.

The State counters that Juan was not an accomplice, and his testimony corroborates David's testimony.  The jury could therefore consider both Juan's and David's testimony and the evidence is sufficient to prove the offense charged.

*3.    Analysis*

Having already determined that Juan was not an accomplice, his testimony was proper evidence upon which the State could rely to corroborate David's testimony.  David testified he was standing at the bus stop when Torres pulled the firearm out of his pocket and shot the individual with whom David was talking.  Juan testified he saw David standing at the bus stop when Torres walked up and shot the man.  Both men described what Torres was wearing and the jury was able to see video recordings from the street of an individual wearing the clothes described by both Juan and David.

The jury is the sole judge of the witnesses' credibility, resolves any conflicts, and decides whether to believe a given witness, including an eyewitness.  *See Hooper*, 214 S.W.3d at 13; *Young*, 358 S.W.3d at 801.  Texas courts have long held "the testimony of a single eyewitness can be enough to support a conviction."  *Price v. State*, 502 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *accord Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).  Considering all of the evidence in the light most favorable to the verdict, we conclude a reasonable jury could have found the essential elements of murder beyond a reasonable doubt.  *See Adames*,

353 S.W.3d at 860. Accordingly, we overrule Torres's complaint as to the insufficiency of the evidence.

We turn to Torres's complaint regarding the jury charge including an unindicted offense of felony murder.

### FELONY-MURDER AND NON-UNANIMOUS VERDICT

**A.    Arguments of the Parties**

Torres contends the court's jury charge included an unindicted offense of felony-murder which violated his Constitutional rights and allowed the jury to convict Torres with a non-unanimous jury verdict.

The State counters the court's jury charge did not charge Torres under the felony-murder statute, but instead charged Torres as a primary actor and also as a party under Texas Penal Code section 7.02(a)(2) and as a conspirator under section 7.02(b). *See* TEX. PENAL CODE ANN. § 7.02(a)(2), (b).

**B.    Trial Court's Jury Charge**

The trial court's jury charge did not charge Torres with felony murder pursuant to Texas Penal Code section 19.02(b)(3). *See* TEX. PENAL CODE ANN. § 19.02(b)(3) ("A person commits an offense if he commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."). As the State points out, the trial court properly charged Torres as a principal actor, as a party to the offense, and as a conspirator.

Additionally, when the State intends to prove the accused is criminally responsible for another person as a party to the offense or as part of a conspiracy, the State need not allege any such criminal responsibility in the indictment. *See* TEX. PENAL CODE ANN. § 7.02(a)(2), (b); *see*

*Marable v. State*, 85 S.W.3d 287, 287–88 (Tex. Crim. App. 2002) (explaining State is not required to plead the law of parties in the indictment); *Castoreno v. State*, No. 04-11-00692-CR, 2012 WL 1648435, at *4 (Tex. App.—San Antonio May 9, 2012, pet. ref'd) (mem. op., not designated for publication) ("[I]t was not necessary for the State to include a conspiracy allegation in the indictment because it is not required under the law of parties.").

"Jury unanimity is required on the essential elements of the offense but is generally not required on the alternate modes or means of commission." *Leza v. State*, 351 S.W.3d 344, 356 (Tex. Crim. App. 2011); *Ngo*, 175 S.W.3d at 745 ("Under our state constitution, jury unanimity is required in felony cases, and under our state statutes, unanimity is required in all criminal cases."). Criminal liability under section 7.02 is not an element of the charged offense; the law of parties and conspiracy are "alternative manners by which an accused may be held accountable for the conduct of another who has committed the constituent elements of a criminal offense." *Leza*, 351 S.W.3d at 357. Therefore, the jury was not required to unanimously determine Torres's "precise role" in Richards's murder; instead, each juror was required to find Torres guilty of each constituent element of Richards's murder—as a principal actor, a party, or as a conspirator. *Id.*

Accordingly, we overrule Torres's complaint alleging the trial court's charge included an unindicted felony-murder charge and allegedly allowed the jury to convict Torres with a non-unanimous jury verdict.

## CONCLUSION

Having determined that (1) Juan was not an accomplice-witness; (2) Torres failed to prove egregious harm following the trial court's failure to include an instruction on the accomplice-witness rule; (3) the evidence is sufficient to support the jury's verdict beyond a reasonable doubt; (4) the trial court did not charge Torres with felony murder in the court's jury charge; and (5) jury unanimity was not required as to which alternative modes or means was used by Torres during the

commission of the murder, we decline to conclude the record contained evidence of cumulative error. *See Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). Although the trial court failed to include the proper instruction, we concluded the lack of instruction did not amount to egregious error. *See Almanza*, 686 S.W.2d at 171. We further conclude that one single error cannot create cumulative error. *Cf. Chamberlain*, 998 S.W.2d at 238. Accordingly, we overrule Torres's last issue on appeal.

Having overruled each of Torres's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

PUBLISH