**Andre Jammar ASH, Appellant**

v.

**The STATE of Texas**

**NO. PD-0244-16**

Court of Criminal Appeals of Texas.

Delivered: June 28, 2017

ATTORNEYS FOR APPELLANT: Stanley L. Schwieger, Attorney at Law, P.O. Box 975, Waco, TX 76703-0975.

ATTORNEYS FOR THE STATE: John R. Messinger, Assistant State Prosecuting Attorney, Box 13046, Austin, TX 78711, and Stacey Soule, Austin, TX.

## OPINION

Hervey, J. delivered the unanimous opinion of the Court.

The issue in this case is whether the court of appeals erred when it held that a witness cannot be an accomplice as a matter of law unless the witness is charged with the same offense as the defendant or a lesser-included offense. We conclude that it did err in so holding, but we nonetheless affirm its judgment.

## BACKGROUND

Officer Josh Tulloch initiated a traffic stop after observing a Suburban driving with "its high beams on." When he approached the vehicle, he saw five people in the car and could smell the odor of burnt marijuana emanating from an open window. Tulloch decided to remove everyone from the car. As a passenger in the second row of seats was getting out of the vehicle, Tulloch saw her wipe a green substance, which he thought was marijuana, off of her clothing. Tulloch detained everyone and searched the vehicle. During his search, he found cocaine in the door panel of the front passenger-side door, which was found to weigh approximately 41.63 grams. Even though everyone was arrested, only Ash was charged with possession of cocaine.

Ash was convicted of possession of cocaine over four grams but less than 200 grams with the intent to deliver and was sentenced to 30 years' confinement and fined $5,000. See TEX. HEALTH & SAFETY CODE § 481.112(a) & (d). Ash appealed, arguing that he was entitled to accomplice-as-a-matter-of-law instructions as to each passenger, or at least accomplice-as-a-matter-of-fact instructions. The court of appeals, however, affirmed the judgment of

the trial court. *Ash v. State*, No. 10-14-00405-CR, 2016 WL 455121, at *2 (Tex. App.—Waco Feb. 4, 2016) (mem. op., not designated for publication). Subsequently, Ash filed a petition for discretionary review, which we granted, asking us to examine the court of appeals' holding that a witness cannot be classified as an accomplice as a matter of law in the absence of formal charges.

## FACTS

On May 25, 2014, Ash was at the Pretty Lady's Gentlemen's Club in Killeen when he ran into an acquaintance who was dancing at the club, Deondra Kierra Medford (Medford). Ash told Medford that there were better opportunities for her and her friends to make money dancing in Houston than at Pretty Lady's.[1] He offered to give them a ride the next day because he needed to go to Houston to finish some business anyway. Medford's friends were Keandra Jennings (Jennings) and Demarshaye Alexander (Alexander). Neither of them had ever met Ash. Because it was raining hard the next day, however, Ash decided not to go to Houston, and the dancers found a ride to Austin where they planned to hang out. The following morning, Ash and his girlfriend, Jefferi Varnado (Varnado), picked up the three dancers in Austin, and they headed to Houston. Ash was driving a Suburban with three rows of seats.

The dancers testified that when the group arrived in Houston, it was too early for them to dance in any of the clubs, so Ash decided to drive around to find some Spice (synthetic marijuana) that he could buy. After he found some, Ash suggested that the group go to Crockett, where he was from, to hang out with "country boys."

Everyone agreed, and while Ash drove them to Crockett, the dancers smoked marijuana and Varnado smoked some of the Spice.

According to Varnado, Ash drove to Crockett weekly to buy drugs from his brother, Ju Ju. Arriving in Crockett, the group briefly stopped at a park and then headed to Moon's house. (Moon was Ash's friend.) Ash told the dancers that they could go inside to shower and freshen up before they went to the club later that evening. The dancers had never met Moon, but they agreed to take showers at his house while Ash and Varnado went to Walmart to pick up a money order. Ash and Varnado were gone for about an hour and a half before they came back and picked up the dancers.

After leaving Moon's house, the group went to Ash's brother's house. Once they arrived, Ash told the girls that they could go into the house to get something to eat. Everyone went inside except for Varnado, who stayed in the vehicle. Once inside, the dancers saw Ju Ju counting cash on a table and taking some sort of notes. Alexander testified that she believed he said that the cash totaled $4,000. Ju Ju then began making sexual comments directed at Medford while referencing how much money he had. After a brief conversation with Ju Ju, the dancers got some food in the kitchen and went outside to eat in the car. Ash joined them a few minutes later after he got into an argument with the woman who was his connection to the Houston strip club. Because of the argument, the girls were not going to be able to dance at the club in Houston, so Ash asked them what they wanted to do.

---

1. Ash claimed that he knew a woman in Houston who could get the girls into a club where they could dance.

Ash suggested that they to go to a club in Crockett, which they did. After the dancers talked to a few people and had a drink, they walked outside. Ash came outside later and began arguing with them about whether the group should go back to Killeen or on to Houston. They decided to go back to Killeen, but first the dancers wanted to buy some Xanax. After driving around for awhile, they ended up back at the club where they found someone who would sell them Xanax. The dancers bought two pills each.

The group then headed to Killeen. Initially, Ash was driving, Varnado was in the front-passenger seat, and Alexander, Jennings and Medford were in the second row. Alexander sat in the middle with Jennings to one side and Medford to the other. As they were driving, Medford took a Xanax and moved to the third-row seats to go to sleep. Shortly thereafter, Ash asked the others if one of them would drive the rest of the way. Jennings offered to drive because she had not taken any Xanax, and Ash agreed. Alexander moved into the front-passenger seat, and Ash and his girlfriend moved into the second-row seat.

As Jennings drove through Marlin, a small town close to Killeen, she had her high beams on as they passed a Marlin police officer. Officer Josh Tulloch initiated a traffic stop and approached the Suburban on foot. He smelled the odor of burnt marijuana emanating from the vehicle after Ash rolled down his window and stated, "Hey, you pulled us over because of high beams, huh?" While Tulloch checked Jennings's license, his partner, Officer James West, arrived. Both officers approached the vehicle and West removed Alexander from the front-passenger seat. During this process, West noticed one of the dancers in the back of the car was "stuffing something under her seat," so the police removed everyone else from the vehicle. While Varnado was getting out of the vehicle, Tulloch noticed that she had a green substance on her clothing. As she was wiping the substance off, she told the officers that it was tobacco.

Once Jennings, Alexander, Varnado, and Ash were all removed from the vehicle[2] and detained, Tulloch began searching the SUV. He started at the passenger's side of the vehicle. While searching, Alexander asked the officers for her cigarettes, which were in the Suburban. Tulloch searched for them but instead found a white plastic bag in "the door jamb, where the door ends." He opened the bag and found what he believed to be cocaine. At that point, Ash started yelling at the other passengers to "claim your stuff." Everyone denied knowing what the substance was or whose it was. The police arrested everyone, but only Ash was indicted for possessing the cocaine.

## COURT OF APPEALS

Ash appealed his conviction, arguing that he was harmed when the trial court overruled his request for accomplice-witness instructions. *Ash*, 2016 WL 455121, at *1. The lower court, however, did not reach Ash's accomplice-as-a-matter-of-fact issue because it was not preserved at trial. Before addressing Ash's accomplice-as-a-matter-of-law complaint, the court of appeals set out the applicable law. It explained that a witness is an accomplice as a matter of law if he has been charged with the same offense as the defendant or a lesser-included offense. *Id.* at *2. It also

2. There were a total of five people inside the Suburban, but police initially thought that there were only four because they could not see Medford who was lying down in the third-row of seats.

noted that a witness is an accomplice as a matter of law if he was charged, but the charges were dismissed in exchange for testifying against the defendant. *Id.* In a footnote, the lower court stated that, "[t]he Court of Criminal Appeals has vacillated on whether a person who *could be charged* with the same or lesser included offense is an accomplice as a matter of law. The Court's current case authority does not include this type of witness as an accomplice as a matter of law." *Id.* at n.1 (emphasis added). The court also pointed out, however, that if the evidence "clearly shows or there is no doubt" that the witness was an accomplice, then trial judges must give an accomplice-as-a-matter-of-law instruction, and the failure to do so is error. *Id.* at *2.

Turning to the facts of the case, the appellate court held that the trial court did not err in overruling Ash's accomplice-as-a-matter-of-law instruction request because none of the women were charged with the same crime as Ash or a lesser-included offense. *Id.* Nonetheless, the court undertook an *Almanza* harm analysis and concluded that, even if the trial court did err in overruling Ash's request

for accomplice-as-a-matter-of-fact and matter-of-law instructions,[3] he was not egregiously harmed because the non-accomplice evidence was sufficient to connect Ash to the possession of the cocaine found in the vehicle. *Id.*

Ash petitioned this Court to review the decision of the court of appeals, arguing that it erred when it held that, without formal charges, a witness cannot be an accomplice as a matter of law.

## ARGUMENTS

Ash argues that the court of appeals reached the wrong result because its analysis was flawed. Specifically, he takes issue with the lower court's interpretation of our precedent. According to the court of appeals, we have "vacillated" about when a witness is an accomplice as a matter of law, but Ash contends that the law has been settled since 1954: a witness is an accomplice as a matter of law if he could have been charged with the same offense as the defendant or a lesser-included offense. To support his position, Ash directs us to extra-jurisdictional decisions from two federal circuit courts and a number of state courts.[4] He concludes that we should

---

3. At the court of appeals, Ash argued that he was entitled to an accomplice-as-a-matter-of-fact instruction, but we do not address that issue because we did not grant review on that ground. *Ash*, 2016 WL 455121, *2.

4. Ash is correct that a witness can be an accomplice if he could have been charged with the same offense as the defendant or a lesser included. However, this refers only to the difference between a witness and an accomplice witness in general, and it simply recognizes that an accomplice is a blameworthy participant. *Zamora v. State*, 411 S.W.3d 504 (Tex. Crim. App. 2013) (an accomplice is a blameworthy participant to the crime); *Blake v. State*, 971 S.W.2d 451, 462–63 (Tex. Crim. App. 1998) (same). Thus, the cases cited by Ash are not persuasive regarding the issue at hand. *See, e.g., People of Territory of Guam v. Dela Rosa*, 644 F.2d 1257, 1260–61 (9th

Cir. 1980) (discussing when a person is an accomplice in general, not an accomplice as a matter of law); *United States v. DeCicco*, 424 F.2d 531, 532 (5th Cir. 1970) (same); *Daniel v. State*, 906 So.2d 991, 1000 (Ala. Crim. App. 2004) (same); *Carman v. State*, 602 P.2d 1255, 1260 (Alaska 1979) (same); *State v. Broadfoot*, 115 Ariz. 537, 566 P.2d 685, 686–87 (1977) (same); *Henderson v. State*, 255 Ark. 870, 503 S.W.2d 889, 894 (1974) (same); *People v. Pappadiakis*, 705 P.2d 983, 987 (Colo. App. 1985) (same); *Newton v. State*, 178 So.2d 341, 345 (Fla. Dist. Ct. App. 1965) (same); *Lanier v. State*, 187 Ga. 534, 1 S.E.2d 405, 409 (1939) (same); *People v. Howard*, 209 Ill.App.3d 159, 154 Ill.Dec. 56, 568 N.E.2d 56, 71–72 (1991) (same); *Hall v. Commonwealth*, 248 S.W.2d 417, 419 (Ky. 1952) (same); *People v. Threkeld*, 47 Mich.App. 691, 209 N.W.2d 852, 855 (1973) (same); *State v. Palubicki*, 700 N.W.2d 476, 487 (Minn. 2005) (same); *Hye v. State*,

vacate the judgment of the court of appeals and remand this cause for it to reexamine whether the women in Ash's car were accomplices as a matter of law. But, Ash argues, if we reach the issue of whether he was entitled to the matter-of-law instructions, we should conclude that he was because there are sufficient affirmative links to tie the other people to the cocaine found in the vehicle.

The State contends that this Court's definition of when a witness is an accomplice has been consistent but that the definition of what makes a witness an accomplice as a matter of law has been misapplied and is misleading. It directs us to a number of cases from this Court to support its proposition. According to the State, in *Zamora v. State*, 411 S.W.3d 504 (Tex. Crim. App. 2013), we held that an accomplice is one who is as guilty as the defendant, but we also said that "[a] witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant or a lesser-included offense, or 'when the evidence clearly shows that the witness could have been so charged.'" *Id.* at 510. But, the State complains, we never

explained how the State's ability to charge a person makes that person criminally responsible. That is, according to the State, its ability to charge a person with a crime does not inexorably lead to the conclusion that the person was a blameworthy participant; thus, our statement to the contrary does not make sense.

Alternatively, the State also argues that, in *Smith*, we abandoned the "could have been charged" standard when we stated that a witness is an accomplice as a matter of law if he is charged with the same offense as the defendant or a lesser-included, and the charges are dismissed in exchange for the accomplice's testimony. *Smith v. State*, 332 S.W.3d 425 (Tex. Crim. App. 2011). We also noted that the arrangement must be proven by "concrete evidence in the record." *Id.* at 441–42. According to the State, this "evidence in the record" scheme is logically inconsistent because it allows the State to "game the system." It claims that, under *Smith*, the State "is free to avoid an instruction that a witness is an accomplice by dismissing the charges for the week of trial without bothering to make a formal arrangement."

162 So.3d 818, 823 (Miss. Ct. App. 2013) (same); *People v. Kocsis*, 137 A.D.3d 1476, 28 N.Y.S.3d 466, 470–71 (2016) (same); *State v. Pacheco*, 506 N.W.2d 408, 409 (N.D. 1993) (same); *State v. Jones*, 450 S.W.3d 866, 888 (Tenn. 2014) (same); *State v. Smith*, 706 P.2d 1052, 1055 (Utah 1985) (same); *State v. Jennings*, 35 Wash.App. 216, 666 P.2d 381, 383 (1983) (same).

The other cases cited by Ash actually hurt his position, stating rules that are identical to Texas law or strikingly similar. *See, e.g. State v. Sallis*, 238 N.W.2d 799, 802 (Iowa 1976) (following the law in Texas that witnesses are accomplices as a matter of law when the facts "as to the witness's culpability are neither disputed nor susceptible of different inferences ...."); *Silva v. State*, 422 Md. 17, 28 A.3d 1226, 1233 (2011) (holding that, like Texas law, "for a judge to take the question of complicity from the jury and make a finding as a matter of law, 'the proof must be so clear

and decisive that reasonable minds could not differ in coming to the same conclusion'"); *State v. Oatney*, 335 Or. 276, 66 P.3d 475, 482 (2003) (holding that "[i]f there is no dispute regarding whether a witness is an accomplice witness-that is, sufficient evidence exists to charge, but not necessarily to convict, the witness of the crimes with which the defendant is charged-then the trial court may determine, as a matter of law, that the witness is an accomplice"); *Commonwealth v. Richey*, 249 Pa.Super. 365, 378 A.2d 338, 340 (1977) (holding that "the rule is clear that when the facts concerning the participation of a witness in the crime with which the defendant is charged are undisputed, the trial court, not the jury, determines whether or not the witness is an accomplice"); *State v. Lingwall*, 398 N.W.2d 745, 747 (S.D. 1986) ("If the facts as to a witness' participation in a crime are disputed or susceptible of different inferences, the question is one of fact for the jury.").

Finally, it contends that an accomplice-as-a-matter-of-law instruction should be given only when the witness (1) has been tried and convicted for the "same" offense, (2) has pled guilty and awaits punishment subject to his testifying truthfully, or (3) has otherwise negotiated an arrangement with the State based on a judicial admission of guilt.

## DISCUSSION

### Development of the Law

■ A witness can be an accomplice as a matter of fact or as a matter of law. Whether a defendant is entitled to an accomplice-witness instruction is a function of the evidence produced at trial. *Zamora*, 411 S.W.3d at 510. If the record contains evidence that a witness may have been an accomplice, the issue should be submitted to the jury to decide whether the witness was an accomplice as a matter of fact. If the witness has been charged with the same offense as the defendant or a lesser-included offense, then the witness is an accomplice as a matter of law. *Zamora*, 411 S.W.3d at 510. However, if the State dismisses the charges before the witness testifies in the defendant's case, then the witness is no longer an accomplice as a matter of law, unless the State dismissed the charges in exchange for the witness's testimony against the defendant. *Smith v.*

*State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). We have also stated that a witness is an accomplice as a matter of law if there is "no doubt or the evidence clearly shows" that the witness is an accomplice. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

### "Could Have Been Charged" and "The Evidence Clearly Shows"

The State argues that we have alternately stated that a witness is an accomplice as a matter of law if he could have been charged with the same offense as the defendant, a lesser-included of that offense, or when the evidence clearly shows that the witness could have been so charged. We agree, and we take this opportunity to clarify any confusion.

In *Silba v. State*, 161 Tex.Crim. 135,275 S.W.2d 108, 109 (App. 1954), we explained that, "if all the evidence shows that the witness is answerable to the law as a principal or an accomplice to the crime or an accessory to the accused or if he has been indicted as such, then he is an accomplice as a matter of law." [5] In *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986), we stated that a witness is not an accomplice as a matter of law if he "cannot be prosecuted for the offense with which the accuse discharged." [6] To support our

---

5. *See Thompson v. State*, 493 S.W.2d 913, 915 (Tex. Crim. App. 1971) (because a witness could have been a principal in the State's case, he was an accomplice as a matter of law); *Castillo v. State*, 469 S.W.2d 572, 574 (Tex. Crim. App. 1971) (witness was not an accomplice as a matter of law because he was not answerable as a principal, accomplice or accessory); *Davis v. State*, 513 S.W.2d 928, 929 (Tex. Crim. App. 1974) ("By no stretch of the imagination could it be said that this made [the witness] 'answerable to the law as a principal, an accomplice or an accessory to the crime about which he is testifying.' ").

6. Interestingly, in his dissenting opinion in *Kunkle*, Judge Teague noted that "[i]f all of the facts and circumstances of the case reflect or indicate that a person who testifies for the prosecution *could have been charged with committing the offense for which the accused is on trial*, then that person is, as a matter of law, an accomplice witness." *Kunkle*, 771 S.W.2d at 450 (Teague, J., dissenting) (emphasis in original). Directly following that comment, Judge Teague said that, in other words,

> when, from all of the evidence, both direct and circumstantial, viewed from the standpoint of whether the person's complicity in

proposition, we cited to *Burns v. State*, 703 S.W.2d 649, 651 (Tex. Crim. App. 1985). However, nowhere in *Burns* did we make that statement. Instead, what we said was that, "[a]s a co-indictee for the same offense for which appellants were tried, [the witness] is an accomplice as a matter of law." We went on to explain that "[w]hen there exists no doubt as to the character of a witness as an accomplice as a matter of law the court is under a duty to so instruct the jury." *Id.*

Ten years after *Kunkle*, in *McFarland v. State*, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996), we said that, to be an accomplice as a matter of law, the witness "must be susceptible to prosecution for the offense with which the accused is charged." We cited our comment in *Kunkle* as the authority for our assertion. We later used that same language in a number of subsequent cases. *See, e.g., Blake v. State*, 971 S.W.2d 451, 462–63 (Tex. Crim. App. 1998); *Kutzner v. State*, 994 S.W.2d 180, 187 (Tex. Crim. App. 1999); *Paredes*, 129 S.W.3d at 536.

In *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007), we entered the accomplice-as-a-matter-of-law arena again. First, we noted that a trial judge need not instruct a jury that a witness is an accomplice as a matter of law unless there exists "no doubt that the witness is an accomplice." *Id.* Then, confusingly, in the next sentence we said that,

> [T]he [accomplice-as-a-matter-of-law] instruction is appropriate when the witness is charged with the same offense as

the defendant or a lesser-included offense or when the evidence clearly shows that the witness could have been so charged.

*Id.* As the State correctly points out, we never explained whether "prosecuted for" and "charged with" mean the same thing, but in *Blake*, we said that "could be prosecuted" means "that a person is an accomplice if there is sufficient evidence connecting them to the criminal offense as a blameworthy participant." *Blake*, 971 S.W.2d at 455.

In interpreting our language in *Druery* and in *Silba*, we believe that the Fourth Court of Appeals accurately set out the relevant law: "[A] witness is also an accomplice as a matter of law when the evidence is uncontradicted or so one sided that a reasonable juror could not disagree with the determination that the witness is an accomplice." [7] *Cyr v. State*, 308 S.W.3d 19, 24–25 (Tex. App.—San Antonio 2009, no pet.) (emphasis removed). Professors Dix and Schmolesky similarly conclude that trial courts are under a duty to instruct the jury that a witness is an accomplice witness as a matter of law "only when uncontradicted evidence or evidence so persuasive a jury could not reasonably disregard it shows facts that unquestionably make the witness guilty of the crime." George E. Dix & John M. Schmolesky, 43A TEX. PRAC.: CRIM. PRAC. AND PROC. § 51:88 (3rd ed. 2016). In summation, when courts use the phrases "could have been charged," "susceptible to prosecu-

---

the crime has been established, there exists no doubt as to the character of a witness as an accomplice, the trial court is under a duty to so instruct the jury and the failure to do so may constitute reversible error. *Id.*

**7.** This formulation also addresses the State's argument that it could "game the system."

Even if the State filed charges against a witness then dismissed them to avoid the witness being considered an accomplice—despite the State's chicanery—the witness is still an accomplice as a matter of law if the evidence is uncontradicted or so one-sided that any rational jury would have believed that the witness was an accomplice.

tion,"[8] "the evidence clearly shows," "there is no doubt" and the like, we are referring to the "uncontradicted or so one-sided" standard to determine if a witness is an accomplice as a matter of law.

■ To summarize, a witness is an accomplice as a matter of law in the following situations: [9]

- If the witness has been charged with the same offense as the defendant or a lesser-included offense;

- If the State charges a witness with the same offense as the defendant or a lesser-included of that offense, but dismisses the charges in exchange for the witness's testimony against the defendant; and

- When the evidence is uncontradicted or so one-sided that no reasonable juror could conclude that the witness was not an accomplice.

## REMEDY

Ash argues that, if we agree with him that the court of appeals erred, we should remand the cause to the court of appeals to resolve the issue. However, in *Gilley v. State*, 418 S.W.3d 114, 119–20 (Tex. Crim. App. 2014), we held that when the disposition of an issue is clear, for purposes of judicial economy, we can resolve the issue. We think the question of whether Ash was entitled to accomplice-as-a-matter-of-law instructions is clear and that deciding the

issue would conserve scarce judicial resources.

## APPLICATION

■ In this case, although some of the passengers voluntarily testified, they were never charged with the same offense as Ash or a lesser-included offense. The sole question then is whether the evidence was so one-sided that any rational juror would have concluded that the passengers were accomplices as a matter of law.[10] We conclude that it is not nearly so one-sided. The accomplice evidence in this case was hotly contested. The record shows that the dancers denied knowing about the cocaine in the vehicle, although they admitted to buying and doing other drugs during the trip. According to testimony, they believed that they were getting a ride to Houston to dance at a club where they could make more money. And even though Varnado was Ash's girlfriend and testified that she knew he would go to buy drugs from his brother on a weekly basis, she also stated that she did not know that he bought cocaine during that trip. Because the evidence was conflicting, the trial court would not have erred to include accomplice-as-a-matter-of-fact instructions in the charge, but Ash was not entitled to accomplice-as-a-matter-of-law instructions.

## CONCLUSION

Because the witnesses in this case were not charged with the same offense as Ash

---

8. These two statements in particular are problematic because they make almost any witness an accomplice as a matter of law.

9. Based on this discussion, we conclude that the Waco Court of Appeals erred when it held that the only time a witness is an accomplice as a matter of law is when formal charges have been filed against the witness. As we have explained, there are other situations when a witness is an accomplice as a matter of law. For example, if the evidence clearly shows that the witness is an accomplice. *Pa-*

*redes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

10. We emphasize that this is not an affirmative-links sufficiency-of-the-evidence case in which the passengers were charged and convicted of the same crime as Ash or a lesser-included offense. The sole issue here is whether Ash was entitled to instructions informing the jury that the passengers in his car were accomplices as a matter of law.

or a lesser-included offense, and the evidence was not uncontradicted or so one-sided that a rational jury would have had to believe that the witnesses were accomplices, we agree with the court of appeals that Ash was not entitled to accomplice-as-a-matter-of-law instructions.