

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ADRIAN HERRERA, | § | No. 08-19-00282-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20160D05732) |

# **O P I N I O N**

Appellant Adrian Herrera appeals from his convictions for two felony counts of engaging in organized criminal activity--aggravated kidnapping. In his sole issue on appeal, Appellant argues that the trial court erred by failing to instruct the jury on the accomplice-witness rule, thereby depriving him of a fair and impartial trial.

We affirm the convictions below. [1]

---

[1] In a related appeal, we also affirm three felony convictions for engaging in organized criminal activity-murder; tampering/fabricating physical evidence (a human corpse); and tampering/fabricating physical evidence with intent to impair (carpet). *See Hernandez v. State*, No. 08-19-00281-CR (Tex.App.--El Paso, March 9, 2020, no pet. h.).

1

# I. BACKGROUND

## A. Factual Background

This case arises out of a series of events that took place in September 2016. From the proceedings below, we gather that the persons involved in these events were regular participants in the sale and use of methamphetamine. The evidence presented at trial showed the facts to be as follows:

On the night of September 9, 2016, Appellant and Isaac Lujan[2] temporarily exchanged vehicles. When Isaac returned home, he had a discussion with James Hall, a man identified as "Tata," and a man identified as "Flaco" about possibly driving to Los Angeles to purchase methamphetamine. The next morning, Isaac and Hall decided to pawn some tools they had found in Appellant's SUV for gas money.

Later that day, Hall picked up Janet Lucero, an acquaintance, and Anthony Trejo, whom he had not previously met, and drove them to Isaac's house. Trejo then pulled a gun on Hall, forced him into the passenger seat, and drove to a car wash where Appellant was waiting in his SUV, along with Roberto Favela and Erlinda Lujan. Appellant and Trejo had a conversation in Spanish, then Appellant told Trejo to follow him to 8912 Ortega Court. When they arrived, Favela and Steven Ramirez grabbed Hall from his vehicle and forced him inside. His hands and feet were bound, and his phone and wallet were taken from him. Favela, Ramirez, and Phillip Esquer beat him, threatened him with a machete, and interrogated him about stealing Appellant's tools.

Several hours later, Hall was blindfolded and taken to Appellant's apartment at 7361 Alameda. For the next two days, he was held captive by Appellant and Erlinda while being subjected to further questioning and abuse. At one point, Appellant put a gun into Hall's mouth

---

[2] This case involves two unrelated individuals with the last name Lujan. For clarity, we will refer to Isaac Lujan as "Isaac" and Erlinda Lujan as "Erlinda."

and made him count to three; on another occasion, Appellant shot him in the shin with a pellet rifle.

A couple of days later, Isaac was also brought to Appellant's apartment. Appellant tied Isaac to a chair. Isaac was handcuffed and Appellant shot him in the leg twice with a pellet rifle. Hall was released from Appellant's apartment on approximately September 12, 2016. Isaac was released on approximately September 13, 2016.

On the night of September 16, 2016, several days after Hall and Isaac both had been released, Appellant, Erlinda, and two other individuals met up with Michael Aceto in a parking lot. Aceto was a daily methamphetamine user who was homeless and occasionally sold drugs to make money. Aceto would get the drugs from a man he knew as "Frank," who in turn obtained them from Appellant. Aceto did not know Isaac or Hall. Appellant told Aceto to dispose of some "trash" in the back of an SUV, which turned out to be trash bags containing the remains of Trejo's dismembered corpse. Aceto, Appellant, and the others took the trash bags to the desert and left them there. Aceto was arrested and charged with tampering/fabricating physical evidence with intent to impair a corpse.

### B. Procedural History

Appellant was charged with engaging in organized criminal activity as to the aggravated kidnapping of Isaac, in combination with Erlinda and Favela; and engaging in organized criminal activity as to the aggravated kidnapping of Hall, in combination with Favela, Ramirez, Erlinda, or Esquer.[3] The case was tried to a jury. Hall and Aceto both testified at trial. Isaac was called as a witness but refused to testify. The jury found Appellant guilty on both counts. The trial court

---

[3] As explained in the related appeal that we also decide today, Appellant was charged by separate indictment with engaging in organized criminal activity as to the murder of Anthony Trejo; tampering/fabricating physical evidence with intent to impair Trejo's corpse; and tampering/fabricating physical evidence with intent to impair as to a carpet. The two cases were consolidated and tried together.

3

sentenced Appellant to 60 years' confinement for each count, with the sentences to run concurrently.

On appeal, Appellant challenges his conviction of both charges, arguing in a single appellate issue that the trial court erred by failing to include an accomplice-witness instruction in its charge to the jury, thereby depriving him of a fair and impartial trial. Appellant submitted a combined brief for both of the appeals arising out of his consolidated trial. His combined brief asserts generally that Hall and Aceto were accomplice-witnesses and that the trial court should have instructed the jury as to the accomplice-witness rule, without specifying which witness(es) he contends were accomplices as to which offense(s). For purposes of this appeal, we presume Appellant's position to be that both Hall and Aceto were accomplices to both offenses at issue in the case below.

## II. STANDARD OF REVIEW

When analyzing claimed jury charge error, we utilize a two-pronged test. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (en banc). The first prong requires us to determine whether error exists. *See Ngo*, 175 S.W.3d at 743. If no error is found, then the analysis ends; however, if charge error is found, the error is analyzed for harm. *See Almanza*, 686 S.W.2d at 171.

The amount of harm necessary to warrant a reversal depends on whether the accused objected to the jury charge, and thereby preserved the error. *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171; *see also Neal v. State*, 256 S.W.3d 264, 278 (Tex.Crim.App. 2008). If the error was preserved by a timely objection, we review the record to determine if the error caused the accused "some harm." *Ngo*, 175 S.W.3d at 743; *Almanza*, 686 S.W.2d at 171. However, if no objection was lodged, as Appellant concedes here, we review the unpreserved jury charge error

4

for egregious harm. *Almanza*, 686 S.W.2d at 171. Egregious harm is actual, rather than theoretical, and must be of such a nature that it deprived the accused of a fair and impartial trial or otherwise vitally affected the accused's defensive theory at trial. *See Villarreal v. State*, 453 S.W.3d 429, 433 (Tex.Crim.App. 2015); *Cosio v. State*, 353 S.W.3d 766, 777 (Tex.Crim.App. 2011). "Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'" *Villarreal*, 453 S.W.3d at 433, *quoting Reeves v. State*, 420 S.W.3d 812, 816 (Tex.Crim.App. 2013). In making an egregious harm determination, we examine (1) the entire charge; (2) the state of the evidence, including contested issues and the weight of the evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *See Allen v. State*, 253 S.W.3d 260, 264 (Tex.Crim.App. 2008).

### III. THE ACCOMPLICE-WITNESS RULE

A criminal defendant cannot be convicted based on the testimony of an accomplice unless the accomplice's testimony is corroborated by other, non-accomplice evidence "tending to connect the defendant with the offense committed." TEX.CODE CRIM.PROC.ANN. art. 38.14; *see Druery v. State*, 225 S.W.3d 491, 498 (Tex.Crim.App. 2007). If a testifying witness is an accomplice, or if there is conflicting evidence as to whether the witness may be an accomplice, the trial court must instruct the jury accordingly. *Ash v. State*, 533 S.W.3d 878, 886 (Tex.Crim.App. 2017).

An accomplice is someone who participated before, during, or after the commission of the offense with which a criminal defendant is charged, to the extent that the person could be prosecuted for the same or a lesser-included offense. *Herron v. State*, 86 S.W.3d 621, 631 (Tex.Crim.App. 2002) (en banc). To be considered an accomplice, a person can be subject to prosecution as a principal, as a direct party, or as a co-conspirator; however, there must be sufficient evidence to connect the person to the offense "as a blameworthy participant." *Ash*, 533

5

S.W.3d at 882 n.4. Under the law of parties, a person may be subject to prosecution if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense," or if, "in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators . . . [and] the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." TEX.PENAL CODE ANN. § 7.02(a)(2), (b).

A witness is an accomplice as a matter of law if either (1) the witness has been charged with the same offense as the defendant or a lesser-included offense, even if the charges were subsequently dismissed in exchange for testimony against the defendant,[4] or (2) the evidence is uncontradicted or so one-sided that no reasonable juror could conclude that the witness was *not* an accomplice. *Ash*, 533 S.W.3d at 886. When a witness is an accomplice as a matter of law, the trial court must instruct the jury about the need for evidence to corroborate the witness' testimony. *Id.*

If neither of the above criteria are met but the record contains conflicting or inconclusive evidence that raises a question regarding whether the witness may have been an accomplice, the trial court should submit the issue to the jury to determine whether the witness was an accomplice as a matter of fact. *Id.* at 884. When there is no evidence to suggest that a witness was an accomplice, the defendant is not entitled to an accomplice-witness instruction. *See Zamora v. State*, 411 S.W.3d 504, 513 n.4 (Tex.Crim.App. 2013).

---

[4] If the charges against the witness were dismissed for another reason, the witness is no longer an accomplice as a matter of law--but, depending on the evidence, may still be an accomplice as a matter of fact. *Ash*, 533 S.W.3d at 884.

6

## IV. DISCUSSION

Appellant contends the trial court egregiously erred by failing to include accomplice-witness instructions in the jury charge. As noted above, we presume Appellant's argument to be that both Hall and Aceto were accomplices to both aggravated kidnapping counts.

We disagree.

### A. Michael Aceto Was Not an Accomplice to Any Charged Offense in This Case

Aceto was not an accomplice to either of the offenses at issue in this case, either as a matter of fact or as a matter of law. Aceto was not charged, and could not have been charged, with the aggravated kidnapping of Isaac, the aggravated kidnapping of Hall, or any lesser-included offense. There is no evidence connecting him to either kidnapping at all, much less as a "blameworthy participant." *Ash*, 533 S.W.3d at 882 n.4.

Aceto's only involvement in this case was limited to the disposal of Trejo's body, which did not occur until several days after Isaac and Hall had already been released. There is no evidence to suggest that Aceto participated in, solicited, encouraged, directed, aided, or attempted to aid in either kidnapping. He testified at trial that he did not even know Isaac or Hall.

There is also no evidence that Aceto was involved in any conspiracy to commit a felony during which either kidnapping foreseeably occurred. Aceto did testify that he occasionally sold drugs that he obtained from Frank, who got them from Appellant. Had Aceto not been granted immunity in exchange for his testimony, he arguably could have been subject to prosecution for distribution of methamphetamine in combination with Appellant and Frank. However, none of the charges in this case are related to methamphetamine distribution, and there is no evidence to suggest that either kidnapping had anything to do with a drug deal being carried out by Appellant,

Aceto, or Frank. Complicity with a defendant in an unrelated offense does not make a person an accomplice-witness. *Zamora*, 411 S.W.3d at 512 n.4.

**B. James Hall Was Not an Accomplice to Any Charged Offense in This Case**

Hall was not an accomplice to either of the offenses at issue in this case, either as a matter of fact or as a matter of law. Hall was not charged, and could not have been charged, with *his own* aggravated kidnapping, the aggravated kidnapping of Isaac, or any lesser-included offense. There is no evidence that raises any question as to whether Hall was a "blameworthy participant" in either kidnapping. *Ash*, 533 S.W.3d at 882 n.4.

Hall was not an accomplice to his own aggravated kidnapping. It is clear from the record that Hall was the victim of this crime, not a perpetrator.[5] There is certainly no evidence that Hall participated in, solicited, encouraged, directed, aided, or attempted to aid in the commission of this offense.

Nor is there any evidence that Hall participated in, solicited, encouraged, directed, aided, or attempted to aid in the aggravated kidnapping of Isaac. Hall was already being held captive at Appellant's apartment when Isaac was kidnapped. Although there was a brief overlap in the time periods that Hall and Isaac were being held at Appellant's apartment, mere presence at the location where a crime occurs does not make one an accomplice. *Druery*, 225 S.W.3d at 498.

There is also no evidence that Hall was involved in a conspiracy with Appellant to commit a felony during which either kidnapping foreseeably occurred. Appellant argues that Hall's testimony about possibly going to Los Angeles with Isaac to purchase drugs is evidence that Hall was involved in a "drug enterprise" combination along with Appellant, Favela, Ramirez, Erlinda, Aceto, and others. However, the only evidence of any drug-related combination involving Hall

---

[5] Moreover, the offense of kidnapping is statutorily defined as the abduction of "another person." TEX.PENAL CODE ANN. § 20.03.

was limited to Isaac, Tata, and Flaco. Although Hall could arguably have been subject to prosecution for this unrealized drug trafficking conspiracy had he not been granted immunity, there is no evidence that Appellant--or any of the other listed individuals--was ever involved.

Because we find no charge error, we do not address the issue of harm. *Ngo*, 175 S.W.3d at 743-44; *Almanza*, 686 S.W.2d at 171.

## V. CONCLUSION

We hold that the trial court's omission of accomplice-witness instructions in the jury charge for this case was not erroneous. Appellant's sole issue on appeal is overruled, and the convictions below are affirmed.

JEFF ALLEY, Justice

March 9, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

9